20226—Clyde Harmon v. State of Ohio. Motion for Ashland Appeals to certify. Overruled. Dock. 12-21-26, 4 Abs. 867.

20227—Isaac Abrams v. Hazel D. Miles. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-22-26, 5 Abs. 27.

20229—City of Cleveland v. Alma M. Lovering. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 12-23-26, 5 Abs. 27.

# SYLLABI

## No. 55

No. 19795—Alfred Larkins et al. v. John J. Routson et al. Error to the Court of Appeals of Hancock county.

1277. WORDS & PHRASES—The primary meaning of the phrase "legal representatives" is "executors" or "administrators" yet other meanings are given such as "heirs at law", "next of kin", "trustees" and "assignees"; legal representatives are used in 8577 GC. having the meaning of "heirs at law", and "next of kin."

DAY, J.

The primary meaning of the phrase "legal represenattives" is "executors" or "administrators;" yet other meanings are given the phrase, according to the context and the circumstances under which the same is used, such as "heirs at law," "next of kin," "trustees," "assignees." In the statutes of descent and distribution in this state, the phrase "legal representatives" is generally construed to mean "lineal descendants;" but under Section 8577, General Code, in order to effectuate the intent of the legislature to divide the property "which came to such intestate from a former deceased husband or wife, - - - If there are no children or their legal representatives living, then such estate, real and personal, shall pass and descend one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife from whom such personal or real estate came, or their legal representatives," the words "legal representatives" have the meaning of "heirs at law" next of kin" of such brothers and sisters.

Judgment reversed in part and affirmed in part.

Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.

## No. 56

No. 19844—The American Guaranty Co. v. The Cincinnati Iron and Steel Company. Error to the Court of Appeals of Hardin County.

1140. SURETYSHIP—Under 2365-1 to 2365-4 GC., the principal contractor having abandoned a building job, a person who furnishes material to a materialman may maintain an action upon a bond given by a compensated surety to insure faithful performance of the principal contractor.

ALLEN, J.

A compensated surety executed a bond obligating the surety to indemnify the obligee against any loss or damage directly arising from the failure of the principal to faithfully perform his contract to erect a public school building. The principal cnotractor having abandoned performance of the contract, suit was brought upon the bond against the surety by a party who furnished to a material man all the steel building material, cut according to the specifications of the contract, which went directly, substantially without further fabrication, into the construction. Held, that under Sections 2365-1 to 2365-4 inclusive of the General Code, the plaintiff has an action upon the bond.

Judgment affirmed.

Marshall, CJ., Day, and Kinkade, JJ., concur.

---

## No. 57

No. 19828—State ex rel. National Mutual Ins. Co. v. Harry L. Conn, Superintendent of Insurance.

No. 19829—State ex rel. Celina Mutual Casualty Co. v. Harry L. Conn, Superintendent of Insurance. In Mandamus.

647. INSURANCE—1. Where an insurance company changes duties of principal agents it has the effect of changing its by-laws, and without the approval of the Superintendent of Insurance, is in violation of. 9517 and 9607-8 GC.

2. Where company violates law and refuses to rectify it is the duty of the Superintendent of Insurance to withhold the renewal of policies pending rectification.

3. When insurance company pays exorbitant salaries to officers it is the duty of the Superintendent of Insurance to require salaries to be reasonable and to enforce restitution of excessive amount.

4. The business of insurance is impressed with public use and statutes concerning it should be construed liberally to effect the purpose to be served and to correct evils of the business.

MARSHALL, C. J.

1. A contract entered into by a mutual insurance company, conferring upon some officer or agent of the company power and authority to perform acts theretofore devolving

(Continued on page 47)

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio,
under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00
Single Numbers ...............................  .35
When cash is mailed to us in advance
20 per cent discount
RENEWALS not prepaid (per mo. $1.25).......$15.00
No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

Address all mail communications to P. O. Box 2455,
Cleveland, O.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance
of the date to which their application is paid, thus
assuring them of ample knowledge in time to prepay
renewals, and save the 20 per cent we give to those who
mail the money in advance.

### QUICK SERVICE ON DIGEST ORDERS

If you want a Digest that covers the entire field of reported Ohio Case Law for 1926, get the Law Abstract Annual. If you order it to-day, you get it by return mail. We will have it in the Post Office, within an hour from the time the order reaches us.

The 1927 Annual Digest does not skimp the Ohio Cases it digests to those handed down for publication in the two official series of Ohio Court Reports. It gives the digesting of many cases from our state courts, rich with good, authoritative law, reported only in the Abstract. If you examine it, you will be surprised at the great number of cases that are not scored to either the Supreme Court, or the Appellate Court Reports, because they have not been reported in either of them. It is our business not only to get cases long enough before any body else announces them, to give us a scoop, but to publish so many more of the cases than any other medium gives, that all the lawyers will say: "It is Fine, we've got to have it." And this is what they are saying.

The Quad Digest is a four-year index to over 4000 Ohio court decisions reported in the Abstract since 1922. Your Law Library is slighted, unless you have the Ternary, three-year book, and the 1927 Annual to add the fourth year. The Quad furnishes it in one volume, otherwise it takes the two books to cover it all. If you have not the Ternary, order the Quad. If you have the Ternary, send for the Annual alone.

---

### HELP THAT THE ABSTRACT HAS GIVEN

An Ohio cotemporary of the Abstract, the Ohio Law Bulletin and Reporter, last week, contained an able review, by our long-time and esteemed friend and supporter of the Abstract, William L. Hart of Alliance, Ohio, ex-president of the Ohio State Bar Association, in which he correllated as the quota for 1926, about twenty of the leading cases from Ohio courts. It is a continuation of his valuable similar studies, contributed to the Bench and Bar annually, for several years, and naturally appears in the same publication as contained the former ones. We commend the article, but cannot well stop at that. We also feel proud of the fact that atlhough the cases are not any of them cited as capable of being found in the Abstract, nearly all of them made their first appearance therein.

We also feel gratified that the matter presents a favorable opportunity for us to put before the profession, in perhaps a forcible way, a slight comment upon the service of the Abstract. The records show that some of the thus reviewed cases were published in the Abstract in 1925, over a year before they came out elsewhere, and others were printed in this paper, an average of many months prior to their winter publication in other journals. In this manner the opinions became accessible to users, and they have had a chance to become familiar with them as precedents, while otherwise the authorities would have been dormant to the legal world. Hence, we have felt that it is not out of place to use the incident as an example of the valuable, timely help the Abstract is bestowing upon Ohio judges and lawyers.

(Continued from page 45)

upon other officers or agents, has the force an effect of a by-law, and insofar as the same constitutes a new by-law or an amendment of a by-law or regulation theretofore existing, such contract, without the approval of the Superintendent and a copy of same being filed in his office, violates the provisions of Sections 9517 and 9607-9, General Code.

2. When any mutual insurance company violates any statutory provision providing for the regulation of such company and neglects and refuses thereafter to make correction and restitution, it becomes the duty of the superintendent of insurance, pending such correction and restitution, to withhold the renewal of the license of such mutual insurance company.

3. The payment by a mutual insurance company of excessive and exorbitant salaries to an officer or agent is an unsound practice and a wrong upon the policyholders and members of such company, and it is the right and the duty of the superintendent of insurance to require salaries and compensations of officers and agents to be reasonable, and it is further the right of such superintendent of insurance to require restitution of excessive and exorbitant amounts so paid.

4. The business of insurance is impressed with a public use and statutes designed to regulate such business and to prevent abuses in the conduct thereof are remedial in their nature and must be liberally construed to effect the purposes to be served and to prevent and correct evils growing out of the conduct of such business.

Motion overruled.

Day, Allen and Kinkade, JJ., concur. Robinson, J., not participating.